# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERON DARNELL LOVE,**

    Plaintiff,

v.                                                         Case No. 19-CV-1511

**TORRIA VANBUREN,** *et al.***,**

    Defendants.

## SCREENING ORDER

Deron Darnell Love, an inmate confined at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. This is now before the court on Love's motion for leave to proceed without prepaying the filing fee, his motion to appoint counsel, and for screening of his complaint. The court has jurisdiction to resolve Love's motions and to screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Love was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying

the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 24, 2019, the court ordered Love to pay an initial partial filing fee of $34.69. (ECF No. 8.) Love made a $40.00 payment on November 25, 2019. The court will grant Love's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

   2.1 *Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading standard, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th

Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Further, under Federal Rule of Civil Procedure 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or different sets of defendants in the same lawsuit. The rule allows a plaintiff to join multiple defendants in a single lawsuit only if he asserts at least one claim against all the defendants that arises out of the same event or incident and presents questions of law or fact that are common to all the defendants. *Balli v. Wisconsin Dept. of Corrections*, No. 10-cv-67, 2010 WL 924886, *1 (W.D. Wis. Mar. 9, 2010) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Federal Rule of Civil Procedure 18 allows a plaintiff to join *unrelated* claims against defendants in a lawsuit, but a plaintiff may do so only if Rule 20's requirements for the joinder of parties is first satisfied. *Id.* Meaning, a plaintiff must first establish a core group of defendants under Rule 20, and only then may he join unrelated claims against any defendant in that core group. *Id.* He may not, however, join claims against a defendant who is outside of that core group. *Id.*

Love attempts to do what Rules 18 and 20 prohibit. He seeks to join close to twenty unrelated claims against more than twenty defendants. For example (and this list is not exhaustive), he sues some defendants for failing to protect him from himself after he threatened to hurt himself, he sues other defendants for ignoring his complaints of arm pain, he sues other defendants for ignoring his complaints of eye pain, he sues a defendant for spitting in his food, he sues other defendants for refusing

3

to give him a mattress and sheets, and he sues other defendants for retaliating against him after he filed complaints about them. Some of the defendants are involved in only one incident, while others are involved in more than one incident. No defendant is involved in every incident.

Accordingly, the court will not allow Love to proceed with his lawsuit because his complaint violates Rules 18 and 20. The court will allow Love to file an amended complaint that complies with those rules. Under Rule 20, Love must identify a core group of defendants against whom he states at least one claim in which all of the core defendants were involved. Then, under Rule 18, he may plead as many claims as he believes he has against one or more of the core defendants. However, he may *not* join claims against other individuals who are not part of the core group. If he wants to pursue claims against individuals who are not part of the core group, he must do so in separate lawsuits.

Love must use the form included with this decision. An amended complaint replaces the original complaint, so Love must not refer to or incorporate parts of his original complaint. His amended complaint must be complete in and of itself. If the space in the form is not enough, Love may use up to five additional sheets of paper.

3. *Motion to Appoint Counsel*

Love also filed a motion to appoint counsel when he filed his complaint. He addressed his motion to former U.S. Magistrate Judge David Jones. He explains that Judge Jones handled one of his previous cases, in which Judge Jones recruited a lawyer to represent Love because "[Love] did not know the law and [he] ha[s] mental

4

health problems." (ECF No. 3.) He asks the court to recruit a lawyer to represent him in this case.

In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the court first considers whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so." *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). This district requires that a plaintiff show that he contacted at least three lawyers; he must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Love did not state whether he tried to find a lawyer on his own before he asked the court to recruit one for him. Accordingly, the court will deny his motion. In any event, at this point, all Love must do is follow the court's instructions and pick which group of defendants he would like to proceed against. In light of Love's filings to date, the court believes he is able to prepare an amended complaint on his own.

The court notes, however, that Love mischaracterizes Judge Jones' actions in Love's prior case. Judge Jones presided over Case No. 15-cv-1546. According to the docket, Judge Jones dismissed the case on November 4, 2016. A little more than a month later, he reopened the case at Love's request. On January 11, 2017, Judge Jones entered a scheduling order, and about two months later, on March 6, 2017,

attorney Walther Stern, III, filed a notice of appearance, in which he stated that he had "been retained" by Love. (Case No. 15-cv-1456, ECF No. 35.) At no time did Love ask Judge Jones to recruit a lawyer to represent him, and at no time did Judge Jones order that the court would recruit a lawyer to represent Love.

The court cautions Love to be precise and accurate in his representations to the court. Under Federal Rule of Civil Procedure 11(b), when Love files a document, he is representing that the factual contentions in his filing have evidentiary support—in other words, he is telling the court that what he says is true. If the court finds that, in future filings, Love has intentionally misled the court, the court may find that sanctions are warranted, including dismissing this case.

**THEREFORE, IT IS ORDERED** that Love's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Love's motion to appoint counsel (ECF No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Love's complaint violates Fed. R. Civ. P. 18 and 20.

**IT IS FURTHER ORDERED** that Love may file an amended complaint that complies with the instructions in this order on or before **December 23, 2019**. If Love files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Love does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to diligently

prosecute it. *See* L. R. 41(c). If Love no longer wants to pursue this case, he need not take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Love a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Love shall collect from his institution trust account the $310.00 balance of the filing fee by collecting monthly payments from Love's prison trust account in an amount equal to 20% of the preceding month's income credited to Love's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Love is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Love is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Love is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2019.

**BY THE COURT:**

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge