# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERON DARNELL LOVE,

      Plaintiff,

  v.                                            Case No. 19-CV-1511

CHRYSTAL MELI and
CHERYL JEANPIERRE,

      Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Deron Darnell Love, a prisoner at Waupun Correctional Institution who is representing himself, is proceeding on deliberate indifference and retaliation claims against defendants Chrystal Meli (previously Marchant) and Cheryl Jeanpierre. (ECF No. 19.) On September 10, 2020, Meli moved for partial summary judgment on the ground that Love failed to exhaust the available administrative remedies on all but one of his claims against her. (ECF No. 45.) On November 9, 2020, Jeanpierre moved for summary judgment on the same ground. (ECF No. 57.) For the reasons explained below, I will grant defendants' motions for partial summary judgment.

## FACTS

On January 9, 2020, I allowed Love to proceed on Eighth Amendment claims against Meli and Jeanpierre based on his allegations that they were deliberately

indifferent to his serious medical needs when: (1) they left a contact lens in his eye for more than four months; (2) they ignored his complaints of severe left arm pain and numbness for more than eight months; and (3) they refused to provide him treatment after he tried to commit suicide by swallowing pills and was in pain and coughing up blood for more than a week. (ECF No. 19 at 3-4.) Love was also allowed to proceed on additional deliberate indifference claims against Meli based on his allegations that she improperly terminated his single-cell restriction and ignored his threats of suicide. (*Id.*) Finally, Love was allowed to proceed on First Amendment claims against the defendants based on his allegations that they retaliated against him in various ways in response to him filing inmate complaints about their alleged deliberate indifference. (*Id.*)

According to the defendants, Love's Inmate Complaint History Report shows that he submitted and appealed many grievances while at Waupun; however, only a handful of inmate complaints are potentially relevant to the allegations at issue in this case. (ECF No. 47 at ¶¶ 4-5; ECF No. 61 at ¶¶ 12-13.) I will briefly summarize the relevant inmate complaints.

  1. *Single-Cell Restriction*

In WCI-2017-8367, Love complained that Meli removed his single-cell restriction, but he did not mention anything related to her retaliating against him. (ECF No. 47 at ¶¶ 6-7.) Love fully exhausted this inmate complaint. (*Id.* at ¶¶ 8-11.)

In the second inmate complaint on this topic, WCI-2017-10305, Love again complained about the cancelation of his single-cell restriction without mention of

retaliation. (*Id.* at ¶ 12.) The inmate complaint was rejected as untimely, a decision that was affirmed by the reviewing authority. (*Id.* at ¶ 13.)

Love mentioned Meli and Jeanpierre retaliating against him in his appeal of inmate complaint WCI-2018-13010 (which had to do with a single-cell restriction), but the rules do not allow new issues to be raised on appeal. (ECF No. 47 at ¶ 29.) Further, in his amended complaint, Love identifies the timeframe for his retaliation claim as February 2017, and he did not submit his appeal for WCI-2018-13010 until July 2018. (*Id.* at ¶ 30.)

2. *Eye Issues*

In inmate complaint WCI-2017-17975, Love complained that health services staff were refusing to help him remove a contact lens that had been stuck in his eye for nearly two months. (ECF No. 47 at ¶ 14; ECF No. 61 at ¶ 16.) The inmate complaint did not mention retaliation and was submitted nearly ten months before Jeanpierre began working at Waupun. (ECF No. 47 at ¶ 14; ECF No. 61 at ¶¶ 16-18.) The inmate complaint was dismissed, and Love did not appeal the dismissal. (ECF No. 47 at ¶¶ 15-16; ECF No. 61 at ¶¶ 19-20.)

In inmate complaint WCI-2018-19724, Love complained that Jeanpierre was retaliating against him by refusing to order a new contact lens. (ECF No. 61 at ¶ 22.) The inmate complaint does not mention anything about her refusing to remove a contact lens from his eye. (*Id.* at ¶ 23.) The inmate complaint was dismissed, and Love did not appeal the dismissal. (*Id.* at ¶ 25.)

In inmate complaints WCI-2018-20745 and WCI-2018-22953, Love complained

3

about needing treatment for his eye; there was no mention of retaliation in either complaint. (*Id*. at ¶¶ 26-27, 30-31.) Both inmate complaints were dismissed, and Love did not appeal either one. (*Id*. at ¶ 29; 33.)

   3. *Nerve Pain*

In inmate complaint WCI-2017-32823, Love complained that health services staff were not properly treating his nerve pain. (ECF No. 47 at ¶ 18; ECF No. 61 at ¶ 34.) He filed the inmate complaint five months before Jeanpierre began working at Waupun. (ECF No. 61 at ¶ 36.) The inmate complaint was dismissed. (ECF No. 47 at ¶ 19; ECF No. 61 at ¶ 37.) Love appealed the dismissal, but the appeal was dismissed because it was untimely and Love failed to show good cause for its lateness. (ECF No. 47 at ¶¶ 20-21; ECF No. 61 at ¶¶ 38-38.)

In inmate complaint WCI-2018-8554, Love complained that Meli and other health services staff ignored his complaints about left arm pain and vomiting. (ECF No. 47 at ¶ 23; ECF No. 61 at ¶ 40.) He filed the inmate complaint weeks before Jeanpierre began working at Waupun. (ECF No. 61 at ¶ 42.) The inmate complaint was rejected after Love failed to cure deficiencies identified by the institution complaint examiner. (ECF No. 47 at ¶¶ 24-25; ECF No. 61 at ¶¶ 43-44.) Love did not appeal the rejection. (ECF No. 47 at ¶ 26; ECF No. 61 at ¶ 45.)

In inmate complaint WCI-2019-3424, Love complained that health services staff refused to give him a shot to ease his nerve pain. (ECF No. 47 at ¶ 31; ECF No. 61 at ¶ 46.) There is no mention of retaliation. (*Id*.) The inmate complaint was dismissed, and Love did not appeal the dismissal. (ECF No. 47 at ¶¶ 32-33; ECF No.

4

61 at ¶¶ 47-48.)

   *4. Self-Harm*

Love did not submit any inmate complaints related to his self-harm claims against the defendants. (ECF No. 47 at ¶ 35; ECF No. 61 at ¶¶ 49-50.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) applies to this case because Love was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code ch. DOC 310. Because Love submitted inmate complaints between 2017 and 2019, his complaints are governed by two versions of the Code. Inmate complaints submitted before April 1, 2018, are governed by Wis. Admin. Code ch. DOC 310 (Dec. 2014), and inmate complaints submitted after April 1, 2018, are governed by Wis. Admin. Code ch. DOC 310 (March 2018). There are non-substantive differences between the two versions of the Code, but the differences do not impact the court's analysis. Under both versions, after an inmate complaint is submitted, the institution examiner should either reject the inmate complaint for specified reasons

or send a recommendation to the appropriate reviewing authority. Wis. Admin. Code §§ DOC 310.11(4), (5) (2014); Wis. Admin Code §§ DOC 310.10(6), (10) (2018).

If the institution complaint examiner rejects the complaint, the inmate "may appeal" within 10 days to the "appropriate reviewing authority." Wis. Admin. Code § DOC 310.11(6) (2014); Wis. Admin. Code § DOC 310.10(10) (2018). If the institution complaint examiner accepts the inmate complaint and recommends dismissal and the reviewing authority then dismisses the inmate complaint, the inmate "may appeal" to the corrections complaint examiner within a certain timeframe. Wis. Admin. Code § DOC 310.13(1) (2014); Wis. Admin. Code § DOC 310.12(1) (2018).

Meli asserts that Love failed to exhaust all but one of the claims that he was allowed to proceed on against her, and Jeanpierre asserts that Love failed to exhaust all of the claims he was allowed to proceed on against her. The defendants explain that, while Love did file some inmate complaints raising various issues relevant to some of his claims, he did not properly raise the issue of retaliation in his inmate complaints and he failed to appeal any decision he received at the institution level to the corrections complaint examiner within the required timeframe.

Love does not dispute the defendants' assertions. Instead, consistent with their assertions, he provides evidence showing that he filed inmate complaints *only* at the institution level. (ECF Nos. 67, 68.) He offers no evidence supporting a conclusion that he appealed *any* decision to the corrections complaint examiner within the required time as required by the administrative rules. As such, Love failed to

complete each step in the exhaustion process as set forth in the Wisconsin Administrative Code.

Despite evidence showing that Love frequently filed inmate complaints (*see* ECF No. 48-1), Love asserts that, on September 4, 2018, he filed an inmate complaint against an institution complaint examiner for rejecting "numerous of [his] complaints against Waupun medical staff." (ECF No. 67 at 5.) Although not entirely clear, it appears that Love is suggesting that the institution complaint examiner's actions rendered the administrative remedies unavailable. Such an argument fails. The Court of Appeals for the Seventh Circuit has said many times that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). "Conclusory allegations will not defeat a motion for summary judgment." *Martin v. Noble County Sheriff's Dep't*, No. 18-cv-121, 2021 WL 26310, at *17 (N.D. Ind. Jan. 4, 2021) (citations omitted). Further, Federal Rule of Civil Procedure 56 "demands something more than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998).

Love's suggestion that an institution complaint examiner's actions made the administrative remedies unavailable to him is insufficient to defeat the defendants'

8

summary judgment motions. Love has not set forth specific facts such as when he tried to file the inmate complaints, what the inmate complaints were about, or what reason the institution complaint examiner gave for rejecting his inmate complaints. In short, Love's conclusory and undeveloped allegations are not enough to rebut the defendants' evidence establishing that he failed to exhaust the available administrative remedies on all but one of his claims. Accordingly, I will grant the defendants' summary judgment motions.

The only surviving claim is that Meli acted with deliberate indifference when she allegedly terminated Love's single-cell restriction in February 2017. On September 11, 2020, the court stayed the case deadlines pending resolution of Meli's motion on the issue of exhaustion. Now that the defendants' motions are resolved, the court will set a discovery deadline of June 25, 2021, and a dispositive motion deadline of July 26, 2021, on Love's surviving claim.

Finally, on April 21, 2021, Love filed a motion for a jury trial, asking the court to set a trial date. (ECF No. 72.) The court will deny Love's motion as premature. The court will confer with the parties about a trial date if Love's claim survives summary judgment on the merits.

**IT IS THEREFORE ORDERED** that defendant Cheryl Jeanpierre's summary judgment motion on the ground that Love failed to exhaust the available administrative remedies (ECF No. 57) is **GRANTED** and Love's claims against Jeanpierre are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that defendant Chrystal Meli's summary

judgment motion on the ground that Love failed to exhaust the available administrative remedies on all but one of his claims against her (ECF No. 45) is **GRANTED**. All of Love's claims against Meli *except* his Eighth Amendment claim that she demonstrated deliberate indifference when she allegedly terminated his single-cell restriction in February 2017 are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, as to Love's surviving claim, the parties must complete discovery by **June 25, 2021**. If the parties wish to file summary judgment on the merits of Love's surviving claim, they must do so by **July 26, 2021**.

**IT IS FURTHER ORDERED** that Love's motion for a jury trial (Dkt. No. 72) is **DENIED as premature**.

Dated in Milwaukee, Wisconsin this 30th day of April, 2021.

BY THE COURT:

Nancy Joseph
United States Magistrate Judge